KALLIS v. LISSBERGER et al.

(Supreme Court, Appellate Term. November, 1902.)

1. SALE—TIME OF DELIVERY—EVIDENCE.

    Evidence in an action by maker of a note against the payee to recover the amount thereof, which plaintiff had to pay to an innocent purchaser, which note plaintiff gave for goods to be delivered, *held* sufficient to authorize a direction of a verdict on the ground that contract required delivery of the goods within a certain time, after which, and before tender thereof, plaintiff gave notice that he would not accept them.

Appeal from City Court of New York, General Term.

Action by T. Sidney Kallis against Benjamin Lissberger and another, partners as R. Lissberger & Co. From a judgment and order of the general term affirming a judgment on a verdict directed for plaintiff and affirming an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Paul Hellinger (A. H. Parkhurst, of counsel), for appellants.

George H. Epstein, for respondent.

FREEDMAN, P. J. This action was brought by plaintiff to recover $2,000, the amount of his promissory note which he gave to the defendants, and which they negotiated, so that plaintiff was obliged to pay it to an innocent third person at maturity. By his complaint the plaintiff claimed that he gave said note to defendants in part payment for a quantity of copper-bearing material which they later agreed to sell and deliver to him pursuant to an agreement made December 7, 1901; that they failed to deliver in accordance therewith; that for their failure to so deliver the plaintiff rescinded said agreement on his part, and thereupon demanded the return of his said note, but that defendants refused to return the said note, or the $2,-000 realized thereon. The defendants, by their answer, denied the execution of any contract on December 7, 1901, and alleged that the only contract made was under date of December 3, 1901; that the note for $2,000 was delivered solely on account of that contract; that the merchandise covered by said contract was duly tendered to said plaintiff, who refused to accept and receive the same; and that thus the contract was broken by the plaintiff, and not by them. At the trial evidence was given by both sides, and at the close of the evidence a verdict was directed for the plaintiff.

The material facts established at the trial are as follows: On December 3, 1901, the plaintiff and the defendants entered into a contract in writing for the sale by the defendants to the plaintiff, but subject to defendants' purchase, of 50,000 pounds siftings and about 30,000 pounds grindings at 12¼ cents per pound for copper contents, based on fire assay, delivered f. o. b. cars New York; the material to be weighed, sampled, and assayed at certain works at Constable Hook, N. J., at sellers' expense; freight to be paid from New York to Constable Hook by buyer; and the terms were a 30-days note for 75

per cent. of amount of invoice upon defendants' paying draft for the same, balance after assay and weights are determined.　At the time of the making of this contract the plaintiff was informed that the goods were to be purchased, if possible, in the West.　On December 5, 1901, the defendants wrote to the plaintiff that the goods had been purchased, and would be shipped by Saturday, and that the plaintiff the next morning should call up the defendants so that they could talk to him about shipping directions.　Pursuant to this letter the plaintiff called on the defendants on December 7, 1901.　At that meeting there was some conversation about the shipment of the goods and their expected arrival, and at the close of it the plaintiff executed and delivered to the defendants his note for $2,000 on receipt of the following writing, viz.:

> "New York, December 7, 1901.
>
> "Received from T. S. Kallis his thirty days' note for $2,000 against which we are to deliver him 80,000 to 90,000 lbs. of copper-bearing material, same to be delivered the latter part of next week.　It is understood that the balance which will be due is to be paid upon verification of the weights and the determination of the assays.　　　　　　　　　　B. Lissberger & Co."

The last day of "the latter part of next week" was December 14th. On that day the defendants failed to deliver, and thereupon, on December 16th, the plaintiff notified the defendants that he would not, after the last-mentioned date, accept the goods.　The defendants made no tender until December 18th, and in the meantime the market for copper had fallen.

Now, as to the extent of the conversation, which, at the meeting of December 7, 1901, resulted in the execution and delivery by the defendants of the written instrument above set forth and in the delivery by the plaintiff of his promissory note, the testimony of the parties differs.　The conversation was had between the plaintiff and the defendant Benjamin Lissberger, and the latter admitted that in the course of it he requested the plaintiff to give his note, as he expected the arrival two days thereafter of the draft drawn against defendants' purchase of the goods; that the plaintiff was willing to give the note then and there, but wanted a written acknowledgment; that thereupon he (Benjamin Lissberger) called in a stenographer, and dictated the written instrument above set forth, and then signed and delivered it to the plaintiff.　This inferentially corroborates plaintiff's version of said conversation to the effect that, before he would give his note, he wanted the time of delivery fixed as not later than December 14th. But, independently of that, the evidence is sufficient to sustain the direction of the verdict.　The contract of December 3d was a provisional and conditional one.　It was made subject to the purchase of the goods by the defendants.　If they could not buy them, they could not deliver them, and the transaction would be off.　No arrangement as to delivery could be made before the procurement of the goods by the defendants.　On December 5th the defendants notified the plaintiff that the goods had been purchased by them, and, evidently knowing that something further had to be agreed upon, they wanted to get shipping directions, which involved the matter of delivery.　Now, this additional matter was agreed upon.　According to the testimony of the

plaintiff, it was done on December 7th, and in this he stands corroborated by the admissions and acts of Benjamin Lissberger as hereinbefore stated. But if, according to the claim of Benjamin Lissberger, nothing was said on December 7th about delivery, then, in view of the conceded fact that the writing of December 7th was dictated by him to his own stenographer, and delivered by him to the plaintiff, because the plaintiff insisted upon a writing, and that such writing contains the stipulation that the goods were to be delivered the "latter part of next week," viz., on or before December 14th, what is the irresistible conclusion? Clearly, that there must have been a previous understanding between the parties as to when delivery should be made, and that that understanding was so well known to both of them that it was no longer necessary to refer to it specifically then and there, and that the defendants felt that pursuant to it it was incumbent upon them to complete the written contract by inserting the stipulation as to delivery on or before December 14th. Some modification of the provisional contract had been made between December 3d and December 7th by parol as to the place of delivery and it is possible, although the evidence does not show it, that in connection with it the time of delivery was fixed. But, whatever version may be adopted, the fact remains that the plaintiff would not have given his note unless he got the writing of December 7th, and that that writing, besides containing a receipt, also embodies in legal effect a supplemental contract in aid and completion of the contract of December 3d. Both contracts are, therefore, to be taken and construed together, and, when this is done, the obligations of the defendants to deliver on or before December 14th clearly stands forth as an essential part of the entire contract. Even if it had been necessary for the plaintiff to show a new consideration moving to the defendants for their execution and delivery of the supplemental contract of December 7th, the plaintiff met this requirement by showing that he gave his note on the faith of it several days in advance of the time that the defendants could be called upon to pay the draft. In every aspect of the case, therefore, the defendants were bound to deliver on or before December 14th, and, not having done so, the plaintiff had the right to rescind, and did rescind, the contract on December 16th.

The foregoing views render all the exceptions taken by the defendants untenable. The judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.